Filed 4/17/14  P. v. Brown CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074442 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F00085) |
| v. | |
| CLARISSA BROWN, | |
| Defendant and Appellant. | |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We shall affirm the judgment.

1

## BACKGROUND

On January 3, 2013, defendant Clarissa Brown received property that had been stolen.[1]  In February 2013, an amended complaint was filed alleging two counts of first degree robbery.  (Pen. Code, §§ 211, 212.5, subd. (a); 213, subd. (a)(1)(A);[2] counts one and two.)

In April 2013, the amended complaint was amended by interlineation to allege, as count three, misdemeanor receiving stolen property.  (§ 496, subd. (a).)  Defendant pleaded no contest to count three and stipulated a factual basis for the plea.  The plea was conditioned upon defendant's payment of restitution to the persons named as victims in counts one and two in an amount to be determined.

In May 2013, the trial court suspended imposition of sentence and placed defendant on informal probation for three years on the condition, among others, that she serve 180 days of incarceration with a total of 148 days of credit already accumulated.  The trial court ordered defendant to make restitution to the victim or victims in an amount to be determined, and to pay a $140 restitution fine (§ 1202.4, subd. (b)), a $140 restitution fine suspended unless probation is revoked (§ 1202.44), and various other fees and assessments.  Counts one and two were dismissed with a *Harvey* waiver[3] for restitution.

In August 2013, the trial court heard and denied defendant's motion to strike any order of restitution or restitution in an amount to be determined.  The court rejected defendant's argument that the plea agreement had not contemplated a *Harvey* waiver for

---

[1]  Because the matter was resolved by plea and defendant was placed on informal probation without preparation of a probation report, our statement of facts is taken from the prosecutor's oral motion to amend the complaint.

[2]  Further undesignated statutory references are to the Penal Code.

[3]  *People v. Harvey* (1979) 25 Cal.3d 754.

restitution.  The court also noted that at sentencing, after the People had moved to dismiss counts 1 and 2 with a *Harvey* waiver, the court had asked defendant whether she understood and accepted the terms and conditions of her probation and she had answered in the affirmative.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days has elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.



      DUARTE      , J.



We concur:



    BUTZ    , Acting P. J.



    HOCH    , J.

3